UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ERRINGTON,<br><br>              Plaintiff,<br><br>   v.<br><br>TIME WARNER CABLE INC.,<br><br>              Defendant. | 2:15-CV-02196 RSWL (DTB)<br><br>**ORDER re: DEFENDANT'S MOTION TO STAY PROCEEDINGS** [21]; **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS** [21-3]; **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S REPLY** [24-1] |

    Currently before the Court is Defendant Time Warner Cable, Inc.'s ("Defendant") Motion to Stay Proceedings ("Motion") [21]. Defendant moves to stay this action pending decisions from the United States Supreme Court and the United States Court of Appeals for the D.C. Circuit in Spokeo, Inc. v. Robins, 742 F.3d 409 (9th Cir. 2014), *cert granted*, 135 S. Ct. 1892 (U.S. Apr.

1

27, 2015) (No. 13-1339) and ACA International v. FCC, No. 15-1211 (D.C. Cir.), respectively. Also before the Court are Defendant's Requests for Judicial Notice [21-3, 24-1].

## I. BACKGROUND

### A. Factual Background

Plaintiff is an individual residing in Upland, California. Compl. ¶ 4, ECF No. 1. Defendant is a business entity located in New York, New York. Id. at ¶ 6. Defendant, in the ordinary course of business, engages in the collection of consumer debts. Id. at ¶ 7.

A financial obligation was incurred and owed to Defendant by a person who is not a party to this lawsuit (hereinafter "Debtor"). Id. at ¶ 8. Debtor's alleged obligation arises from a transaction in which services were acquired on credit. Id. at ¶ 10. Defendant placed calls to Plaintiff's number in an attempt to collect a debt that belonged to the Debtor, as the phone number the Debtor provided to Defendant was the same as Plaintiff's phone number. Id. at ¶ 13. Plaintiff alleges the calls were placed using an automatic telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice ("Robocalls"). During a live conversation, Plaintiff informed Defendant that it was calling the wrong number. Id. at ¶ 17. Defendant allegedly continued calling Plaintiff using an ATDS and/or Robocalls, but has since ceased.

Id. at ¶ 18.  Plaintiff's Complaint alleges violation of the TCPA and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.

**B.  Procedural Background**

On October 26, 2015, Plaintiff filed its Complaint [1].  On December 4, 2015, the parties stipulated to extend the time within which Defendant could answer Plaintiff's Complaint [9].  On January 4, 2016, Defendant filed its Answer [12].  On February 24, 2016, Defendant filed its Motion to Stay Proceedings [21].  On March 8, 2016, Plaintiff filed his Opposition [22].  On March 15, 2016, Defendant filed its Reply [24].

## II.  DISCUSSION

**A.  Legal Standard**

1.  Motion to Stay Proceedings

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket," i.e. to grant a "Landis stay." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  The Court, therefore, may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Gorcers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action

3

before the Court. Id. at 863-864. A stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims. Id.; see Landis, 299 U.S. at 256-257 (discretion abused because the stay "continue[d] in effect" without "reasonable limits.").

In exercising its discretion in determining whether to grant a Landis stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant the stay. Lockyer v. Mirant Corp., 398 F.2d 1098, 1110 (9th Cir. 2005). Specifically, the court must consider: (1) the possible damage or harm to the non-moving party which may result from granting the stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Id. The proponent of a stay has the burden of proving that a stay is justified. Clinton v. Jones, 520 U.S. 681, 708 (1997).

Regarding the second Lockyer factor, courts have held that there is no likelihood of damage or harm to the non-moving party merely because the stay could cause a delay to the plaintiff in receiving money

damages.  See <u>Bay Area Surgical Group, Inc. v. Aetna Life Ins. Co.</u>, No. 5:13-CV-05430-EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014); <u>see also</u> <u>Nussbaum v. Diversified Consultants, Inc.</u>, No. 15-CV-600, 2015 WL 5707147, at *2 (D. N.J. Sept. 28, 2015) ("Because delay results inherently from the issuance of a stay, courts have found that mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage.").

**B.  <u>Analysis</u>**

1.  <u>Defendant's Requests for Judicial Notice</u>

Grants of judicial notice are a matter of judicial discretion.  <u>See</u> <u>United States v. Nat. Med. Enters., Inc.</u>, 792 F.2d 906, 912 (9th Cir. 1994).  "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Further, the Court "may take judicial notice of proceedings in other courts, whether in the federal or state systems."  <u>Duckett v. Godinez</u>, 67 F.3d 734, 741 (9th Cir. 1995).

In Defendant's Request for Judicial Notice in Support of Defendant's Motion to Stay Proceedings [21-3], Defendant requests that this Court take judicial notice of the following: (1) the Joint Brief for Petitioners in <u>ACA International, Inc. v. Federal</u>

Communications Commission, ECF No. 1585568 (D.C. Cir. Nov. 25, 2015); (2) the Scheduling Order in <u>ACA International, Inc. v. Federal Communications Commission</u>, ECF No. 1577930 (D.C. Cir. Oct. 13, 2015); and (3) the Brief for Petitioners in <u>Spokeo, Inc. v. Robins</u>, No. 13-1339 (U.S. July 2, 2015). The items subject to Defendant's Request [21-3] are attached as Exhibits A, B, and C. Pursuant to its discretion, this Court **GRANTS** Defendant's Request [21-3].

In Defendant's Request for Judicial Notice in Support of Defendant's Reply [24-1], Defendant requests that this Court take judicial notice of the following: (1) this Court's February 26, 2016 Order Granting Motion to Stay Action in <u>Chattanond v. Discover Financial Services, LLC</u>, No. 15-CV-08549-RSWL-JC (C.D. Cal. Nov. 2, 2015), attached to Defendant's Request as Exhibit 1. Pursuant to its discretion, this Court **GRANTS** Defendant's Request [24-1].

2. <u>Defendant's Motion to Stay Proceedings</u>

    a. *A Stay is Not Warranted Pending the Supreme Court's Decision in <u>Spokeo</u>*

In <u>Robins v. Spokeo, Inc.</u>, the Ninth Circuit held that an individual plaintiff has Article III standing to sue under the Fair Credit Reporting Act ("FCRA") where the plaintiff alleged violations of statutory rights but had not pled actual harm in its complaint. 742 F.3d 409 (9th Cir. 2014), <u>cert. granted</u>, 135 S. Ct. 1892 (U.S. Apr. 27, 2015) (No. 13-1339). The Ninth

Circuit determined that "[w]hen . . . the statutory cause of action does not require proof of actual damages, a plaintiff can suffer a violation of the statutory right without suffering actual damages." Id.

On April 27, 2015, the Supreme Court granted certiorari in Spokeo, Inc. v. Robins, 135 S. Ct. 1892 (2015). The question presented to the Supreme Court in Spokeo is: "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, Spokeo, 135 S. Ct. 1892, available at http://www.supremecourt.gov/qp/13-01339qp.pdf. The oral argument in Spokeo took place on November 2, 2015. Supreme Court of the United States, Granted & Noted List, available at http://www.supremecourt.gov/grantednotedlist/15grantednotedlist.

While Spokeo involves claims under the FCRA, the constitutional question extends to the TCPA. If the Supreme Court were to answer the certified question in Spokeo in the negative, TCPA plaintiffs who have not suffered any concrete harm as a result of a defendant's violation of the TCPA would have no standing to sue. See Eric B. Fromer Chiropractic, Inc. v. New York Life Ins. & Annuity Corp., No. 15-cv-04767-AB, 2015 WL

7

6579779, at *2 (C.D. Cal. Oct. 19, 2015); see also Chattanond, No. 2:15-cv-09549-RSWL-JC.

The Supreme Court's ruling in Spokeo was expected to resolve whether a plaintiff can rely on a bare statutory violation to establish Article III standing, or whether allegations of actual damage are required. However, the Supreme Court handed down its decision in Spokeo on May 16, 2016, and in doing so, declined to decide the key standing issue. See Spokeo, Inc. v. Robins, No. 12-1339, 2016 WL 2842447 (S. Ct. 2016). Rather, the Court threw out the Ninth Circuit's ruling in favor of the plaintiffs, reasoning that the Ninth Circuit's standing analysis was "incomplete." Id. at *1. Justice Alito, writing on behalf of the majority, noted that the Court took "no position on the correctness of the Ninth Circuit's ultimate conclusion." Id. at *2. The Ninth Circuit's ruling was vacated and remanded for further analysis of the standing issue. Consequently, this Court cannot speculate as to when the standing issue in Spokeo will be resolved, or whether the issue will be resolved with such expedience sufficient to warrant a stay. For this reason, the Court declines to grant Defendant's Motion to Stay the action pending resolution of the standing issue in Spokeo.

//

//

//

      *b.   A Stay is Warranted Pending the D.C. Circuit's Decision in ACA*

The following two appeals are before the D.C. Circuit: (1) <u>ACA Int'l v. Fed. Commc'ns Comm'n</u>, Appeal No. 15-1211 (D.C. Circuit) (filed on Oct. 13, 2015), and (2) <u>Chamber of Commerce v. Fed. Commc'ns Comm'n</u>, Appeal No. 15-1306 (D.C. Circuit) (filed on Sept. 2, 2015). The D.C. Circuit consolidated Appeal No. 15-1306, and others, with Appeal No. 15-1211 for resolution in <u>ACA</u>. The Court should find that a stay is warranted pending the D.C. Circuit's decision in <u>ACA</u>.

In <u>ACA</u>, the D.C. Circuit will address, among other things, what type of equipment constitutes an "ATDS." Under the TCPA, an "ATDS" is equipment "which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). On appeal is the Federal Communications Commissions' ("FCC") finding that a piece of equipment has sufficient capacity to qualify as an ATDS if it has the present or "potential" capacity to store or produce numbers to be called using a random generator, but not if it only has the "theoretical" capacity. <u>See</u> <u>In re Rules & Regulatiosn Implementing the Tel. Consumer Prot. Act of 1991</u>, 30 FCC Rcd 7961 (2015) ("July 2015 Ruling"). The July 2015 Ruling does not clarify the difference between "potential" and "theoretical"

capacity.

The D.C. Circuit will determine whether the FCC's treatment of the term "capacity" in defining ATDS is "arbitrary, capricious, [or] an abuse of discretion," and thus results in an approach that does not comport with the caller's constitutional rights of due process and freedom of speech, and that disregards the applicable statute. Def.'s Req. for Judicial Notice Ex. A, ECF No. 21-3. Because Plaintiff must prove that Defendant called him using an ATDS in order to establish a TCPA claim, the definition of an ATDS is directly implicated in this litigation. See <u>Meyer v. Portfolio Recovery Assocs., LLC</u>, 707 F.3d 1036, 1043 (9th Cir. 2012) ("The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [ATDS]; (3) without the recipient's prior express consent.").

The Court notes that the final briefing in Appeal No. 15-1211 was completed on February 24, 2016. Def.'s Req. for Judicial Notice Ex. A. Accordingly, the appeal before the D.C. Circuit is not likely to remain pending for an extended period of time, and the possible prejudice to Plaintiff is minimal. Additionally, hardship to Defendant and considerations of judicial economy weigh in favor of a stay. If the case is not stayed, Defendant may suffer hardship in conducting discovery and trial preparation in light of

the uncertain difference between "potential" capacity and "theoretical" capacity under the definition of an ATDS.  Lastly, granting a stay may simplify the issues in this case and conserve judicial resources.  Any Order by this Court which is issued in reliance on the July 2015 Ruling will be called into question if the D.C. Circuit overturns the July 2015 Ruling.  Accordingly, the Court and both parties will benefit from a clarification of the applicable law.  See Provo, 2015 WL 6144029, at *1.

    Based on the foregoing, this Court **GRANTS** Defendant's Requests for Judicial Notice [21-3, 24-1] and **GRANTS** Defendant's Motion to Stay Proceedings [21].

    Defendant shall confer with Plaintiff and file a status report advising the Court of the outcome of the decisions from the United States Supreme Court and/or the United States Court of Appeals for the D.C. Circuit within 14 days from the date of decision.  The status report shall also include the parties' position as to how this Court should proceed.

    **IT IS SO ORDERED.**

DATED: May 18, 2016        s/ RONALD S.W. LEW
                                  **HONORABLE RONALD S.W. LEW**
                                  Senior U.S. District Judge